UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL WARD,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHY WOLF,<br><br>  Defendants. | CAUSE NO. 3:25-CV-243-JTM-AZ |

OPINION and ORDER

Michael Ward, a prisoner without a lawyer, filed a complaint about the medical care he received as a pretrial detainee from 2021 through 2023 at the Wabash County Jail. (DE # 5.) Specifically, he claims he received inadequate care for injuries he suffered in a car accident that occurred when he was out on bond. (*Id.*)

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ward alleges that, while out on bond, he suffered severe injuries in an auto accident on April 26, 2021, including a broken pelvis, hip, ribs, leg, and skull. Upon his return to the jail soon after the accident, there was a hearing in his criminal case to

determine whether the Wabash County Jail was able to provide adequate treatment for his injuries. Sheriff Ryan Baker testified at the hearing that the jail was capable of caring for Ward. Therefore, Ward remained in detention at the jail for nearly two more years until his transfer to the Indiana Department of Correction in June 2023. Ward alleges that in those two years, he did not receive any treatment for his injuries and he was denied adequate pain management.

Ward alleges his pain level was always a 10 out of 10, but he was never given anything more than a couple of Tylenol here and there, which did not manage the pain. Ward says that whenever he would ask Nurse Kathy Wolf[1] for pain management, she would always say she had to call the doctor about that, but then he would not see her until the next day.

Ward alleges that the jail was not adequately equipped for anyone who was handicapped; he had to pull himself on the floor to get from the toilet to his bed or from the toilet to the shower. Several times over this period, he would fall and re-injure himself or tear out his stitches. Ward alleges that his body healed improperly from the lack of care, causing him continued problems.

Ward was a pretrial detainee when these events happened, so his medical claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cnty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, he is entitled to constitutionally adequate

---

[1] Ward does not specifically state that Kathy Wolf was the nurse who treated him, saying only that he complained to a nurse. But because she is the only defendant identified as a nurse, the court infers that she was the nurse who treated him.

medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). That includes providing objectively reasonable pain management. *Cf. Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009) (delay in treatment that prolonged pain can constitute deliberate indifference under Eighth Amendment).

Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Here, Ward plausibly alleges that he received objectively unreasonable medical care from Nurse Kathy Wolf for failing to provide reasonable pain management care. It is possible she reasonably relied on a doctor's instructions regarding Ward's care, which would absolve her of liability. But Ward has pleaded enough for this claim to proceed past screening.

However, Ward does not connect the remaining defendants to his medical care such that the court can reasonably infer any of them had the personal involvement necessary to be held liable under 42 U.S.C. § 1983. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Ward sues Sheriff Ryan Baker and Jail Commander Brook Murphy, but he does not explain in the body of the complaint what involvement either had with his medical care, beyond the sheriff testifying at the court hearing about the jail's medical resources. It is unclear what level of involvement these non-medical defendants would have had with Ward's medical care once defendant got to the jail and whether the issue is with the jail's resources or the jail doctor's treatment decisions.

Further, it is not clear from the complaint what medical care Ward received at the jail. He complains about inadequate pain management, and he complains about not being sent to an *outside* doctor. But he provides no information about what happened when he saw the jail doctor. He does not say, and it is not reasonable to infer, that he never saw the doctor during his two years at the jail.

Ward also sues the jail's "Medical Staff." (DE # 5 at 1.) However, liability under § 1983 is based on an individual's own actions. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for

4

anyone else's."). A group cannot be held liable, as a collective, for the actions of some of its individual members.

Finally, to the extent that Ward alleges violations of the Americans with Disabilities Act ("ADA"), which "prohibits discrimination against disabled individuals[,]" *Radaszweski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004), or section 504 of the Rehabilitation Act, his claim fails to meet the pleading standards of Federal Rule of Civil Procedure 8. Relief under these two statues is coextensive. *Id.* Title II of the ADA provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. To allege a claim under the Rehabilitation Act, applicable to entities that receive federal funds, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the defendant denied him access to a program, service, or activity because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). "Disability" in this context means: (1) a physical or mental impairment that substantially limits one or more major life activity; (2) a record of such an impairment; or (3) being regarded as having such an impairment. *Steffen v. Donahoe*, 680 F.3d 738, 743 (7th Cir. 2012). Incarceration is not itself a "program or activity," but a program or activity includes showers, meals, and perhaps access to toilets. *Banks v. Patton*, 743 F. App'x 690, 696 (7th Cir. 2018); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012).

However, Ward does not fully describe his injuries, his medical prognosis, or how his injuries affected his activities of daily living for the court to reasonably infer

5

that he qualifies as disabled under the statutes. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Further, because Ward is no longer at the jail, he cannot sue for injunctive relief; his only remedy is damages. To obtain damages under either statute, he "must identify intentional conduct (and not mere negligence) by a named defendant." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022). It is unclear from the complaint whether any of the named defendants were aware of the level of difficulty plaintiff had navigating his cell and what kinds of accommodations he sought. Ward has not plausibly alleged that jail

6

officials intentionally discriminated against him so as to allow a claim for damages under the ADA or the Rehabilitation Act.

For these reasons, the court:

(1) GRANTS Michael Ward leave to proceed against Nurse Kathy Wolf in her individual capacity for compensatory and punitive damages for providing objectively unreasonable pain management for his injuries from a car accident while he was detained at the Wabash County Jail from approximately May 2021 through June 2023 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ryan Baker, Brook Murphy, and Medical Staff;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Kathy Wolf at Quality Correctional Care, LLC, with a copy of this order and the complaint (DE # 5);

(5) ORDERS Quality Correctional Care, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Kathy Wolf to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: September 12, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

7